NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| |
|---|
BARRY WEINSTEIN et al.,

       Plaintiff,                          **Hon. Stanley R. Chesler, U.S.D.J.**
                                         **Civ. No. 02-1593**
       v.

NICHOLAS BISSEL  et al.,                   **OPINION and ORDER**

       Defendants.

**CHESLER**, District Judge

      This matter having come before the Court upon the motions of Defendants Ulster County, Michael Maranda, E. Michael Kavanagh, the Ulster County Sheriffs (collectively, the "Ulster County Defendants") as well as Defendants Town of Woodstock and Sergeant Gregory Van De Bogart, to dismiss the amended complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2); and

      **IT APPEARING THAT** it is well established that a Federal District Court may not exercise jurisdiction over a Defendant who is not present in the forum state and who does not have "certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice,'" International Shoe Co. v. State of Washington, Office of Unemployment Compensation and Placement, 326 U.S. 310, 316 (1945); and

      **IT FURTHER APPEARING THAT** once Defendants filed their motion to dismiss the

action for lack of personal jurisdiction, the burden shifted to Plaintiff to demonstrate that the Defendants had contacts with New Jersey sufficient to give this Court jurisdiction, <u>Stranahan Gear Co., Inc. v. NL Industries, Inc.</u>, 800 F.2d 53, 58 (3d Cir. 1986); and

**IT FURTHER APPEARING THAT** Defendants Ulster County and the Town of Woodstock municipality therein are located in New York and have no alleged connections to New Jersey; and

**IT FURTHER APPEARING THAT** Defendants Michael Maranda, E. Michael Kavanagh, the unnamed Ulster County Sheriffs, and Sergeant Gregory Van De Bogart live and work in the State of New York with no connection to the State of New Jersey, other than being named in this matter; and

**IT FURTHER APPEARING THAT** the Ulster County Defendants' contact with the Plaintiff was a single isolated incident which occurred in Ulster County, New York; and

**IT FURTHER APPEARING THAT** Defendant Van De Bogart asserts that he has never been to the State of New Jersey except to testify against Plaintiff Weinstein in connection with a criminal charge pending in Somerset County, New Jersey; and

**IT FURTHER APPEARING THAT** Plaintiff has not pled any sufficient basis upon which to assert General or Specific Jurisdi+ction over any of the above-named Defendants; and

**IT FURTHER APPEARING THAT** this Court does not have *in personam* jurisdiction over any of the above-named Defendants;

**IT IS** on this 20th day of May, hereby

**ORDERED** that Defendants' motions to dismiss [docket #71 and #73] are granted; and

**IT IS FURTHER ORDERED** that Defendants Ulster County, Michael Maranda, E. Michael Kavanagh, the Ulster County Sheriffs, Town of Woodstock, and Sergeant Gregory Van

De Bogart are terminated from this case without prejudice.

_____s/_____
Stanley R. Chesler, U.S.D.J.