NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|                                    |   |                                      |
|------------------------------------|---|--------------------------------------|
| BARRY WEINSTEIN et al.,            |   |                                      |
|                   Plaintiff,       |   | Hon. Stanley R. Chesler, U.S.D.J.    |
|                                    |   | Civ. No. 02-1593                     |
|              v.                    |   |                                      |
| NICHOLAS BISSEL et al.,            |   | OPINION                              |
|                   Defendants.      |   |                                      |

**CHESLER**, District Judge

This matter comes before the Court upon the motion by Defendant April Cordts ("Cordts") to dismiss or in the alternative for summary judgment, the motion by Defendants Louis Locascio, Leonard Arnold, Craig Barto, Wayne Forrest, and Lauri Melillo ("State Dfts") to dismiss, and the motion by Defendants Franklin Township and Mark Lewis ("Township & Lewis") (collectively, the "Defendants") to dismiss.

**BACKGROUND:**

Plaintiff Barry Weinstein ("Plaintiff") brought this action for money damages against numerous Defendants under 42 U.S.C. § 1983 for allegedly violating his civil rights. (Pl. Amended Comp. at 2). Plaintiff claims that these and other Defendants interfered with his access to the courts, arrested him without probable cause, deprived him of due process, subjected him to

malicious prosecution, deprived him of equal protection, subjected him to cruel and unusual punishment, falsely imprisoned him, intentionally inflicted emotional distress upon him, denied him a parole hearing, caused him to suffer alienation of affections, deprived him of his Federal and Constitutional rights, and engaged in a RICO conspiracy to interfere with his fundamental rights. (See id, Counts One through Twelve) (some counts only apply to certain Defendants). According to Plaintiff's amended complaint, all of the alleged violations took place at various times during the 1990s, and culminated when Superior Court of New Jersey Judge Victor Ashrafi dismissed the indictment against him, with prejudice, on January 20, 2000.[1] (Id. at 2-7).

Plaintiff filed a lawsuit against the named Defendants on December 4, 2001 in the United States District Court for the Southern District of New York. (Pl. Opp. Br. to State Dfts, Exh. 3, Weinstein v. Bissell, Order M-120 at 2 n.1 (S.D.N.Y. Dec. 21, 2001). On March 27, 2002, the Southern District of New York ordered that the action be transferred to the United States District Court for the District of New Jersey.

On December 31, 2002, this Court dismissed Plaintiff's complaint without prejudice due to Plaintiff's failure to obtain an order from this Court permitting the complaint to be filed here pursuant to the May 17, 1999 Order of this Court in Weinstein v. Grabelle, Civil No. 98-5678 (KSH) (D.N.J. September 13, 2000) aff'd C.A. Nos. 99-5275 & 99-5861 (3d Cir. November 27, 2001) (the "Preclusion Order"). The Preclusion Order also provided that in determining whether or not to grant Mr. Weinstein approval to file with this Court, the criteria to be considered are:

(A)   A proposed filing should only be filed if it is not duplicative of any

---

[1] The only things that Plaintiff claims to have taken place after that date are conspiracy allegations related to Gail Poltawec and Toby Grabelle on February 2, 2000 and May 17, 2001, but those Defendants are not the subjects of this opinion. (Pl. Complaint at 24-25).

2

     previous filing, unless that previous filing was denied without prejudice;
     and

(B) A proposed filing should only be filed if it presents a colorable argument
    for the requested relief.

Id. As the Third Circuit stated in its affirmance, this Preclusion Order was proper because "there is no doubt that the series of patently meritless lawsuits filed by Weinstein shows an abuse of the court system that, because it is likely to continue, warrants some restriction on his litigating opportunities." Id.

  On February 20, 2003 Plaintiff attempted to file his complaint in this Court in a manner that procedurally complied with the Preclusion Order. This Court, however, found that the Complaint stated "no new set of facts that is not duplicative of any previous filing" and therefore did "not comply with Judge Hayden's order dated September 13, 2000." Thus, in a Letter Order dated April 23, 2003, this Court ordered that Plaintiff's complaint not be accepted for filing by the Clerk of the Court, and directed the Clerk to close this action upon the court docket.

  The Third Circuit, however, focused on Plaintiff's "malicious prosecution claim, and the fact that it became colorable on January 20, 2000," and thus found that Plaintiff's new complaint was "not duplicative of earlier filings because of this new development, which arguably [gave] rise to a new cause of action." Weinstein v. Bissell, Civil No. 03-2595 at 5 (3d Cir., March 2, 2004). Thus, the Third Circuit vacated this Court's order denying Plaintiff leave to file the complaint and remanded the matter with a direction to grant Plaintiff leave to file the complaint.

  On September 8, 2004, Plaintiff filed the current amended complaint which was accepted and properly docketed by the Clerk of the Court on that date.

3

**DISCUSSION:**

Defendants assert that all of the counts of Plaintiff's amended complaint as they pertain to each of them should be dismissed as barred by the applicable statute of limitations. (Cordts Motion Br. at 8-11; State Dfts Motion Br. at 8-10; Township & Lewis Motion Br. at 11-13). The Court will now address this issue.

Plaintiff alleges causes of action against the Defendants pursuant to 42 U.S.C. § 1983 for various civil rights violations as delineated above. It is clear that

> [t]he statute of limitations for any Section 1983 claim is the state statute which limits actions for personal injuries. Wilson v. Garcia, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). "In New Jersey that statute is N.J.S.A. 2A: 14-2, which provides that an action for an injury to the person caused by a wrongful act, neglect, or default, must be convened within *two years* of accrual of the cause of action." Brown v. Foley, 810 F.2d 55, 56 (3d Cir. 1987) (emphasis added).

Cito v. Bridgewater Township Police Department, 892 F.2d 23, 25 (3d Cir. 1989). Therefore, it is clear that in this case, Plaintiff had two years from the accrual of his cause of action in which to file his complaint.[2]

However, although the state limitations period is applied in § 1983 cases, accrual of a cause of action under Section 1983 is a question of federal law. Albright v. Oliver, 510 U.S. 266, 280 n.6 (1994); Michaels v. State of New Jersey, 955 F.Supp. 315, 323 (D.N.J. 1996). The Third Circuit, in Torres v. Fauver recognized that for statute of limitations purposes, "a § 1983 cause of

---

[2] Although Plaintiff characterizes Counts Eleven and Twelve as "RICO" conspiracies, these counts appear to in fact allege a conspiracy to interfere with his civil rights under 42 U.S.C. § 1983 or § 1985. This is apparent from the substance of the allegations in these counts, and is further evidenced by the fact that Petitioner cites 42 U.S.C. § 1983 as the basis for these counts rather than any RICO statute, i.e., 18 U.S.C. §§ 1961-1968. Thus, as the Third Circuit held in Cito v. Bridgewater Township Police Department, the statute of limitations for these conspiracy counts is likewise two years. 892 F.2d at 25.

action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." 292 F.3d 141, 147 n.7 (3d Cir. 2002) (internal citations omitted). See also, Weinstein v. Bissell, Civil No. 03-2595 at 5 (3d Cir., March 2, 2004) (holding that Weinstein's malicious prosecution claim became colorable on January 20, 2000, the date the state court dismissed his indictment.); Michaels v. State of New Jersey, 955 F.Supp. at 325 (holding that plaintiff's § 1983 claims alleging unconstitutional investigation, arrest, conviction, and incarceration did not accrue until the date upon which the criminal charges against her were dismissed). Thus, Plaintiff's cause of action accrued on January 20, 2000,[3] when the state court dismissed his indictment, and he had two years from that date in which to commence this action.[4]

Plaintiff commenced his lawsuit in the United States District Court for the Southern District of New York on December 4, 2001. That date is clearly within the two-year statute of limitations for § 1983 claims. However, as described above, the Southern District of New York then transferred the case to the District of New Jersey, whereupon this Court dismissed Plaintiff's complaint without prejudice for failing to comply with the Preclusion Order, on December 31, 2002.

It is well established that a "statute of limitations is not tolled by the filing of a complaint subsequently dismissed without prejudice. As regards the statute of limitations, the original

---

[3] Although some of the Defendants argue that Plaintiff's causes of action against them accrued earlier than this date, the Court will assume, for purposes of this opinion, that all causes of action became colorable and accrued on January 20, 2000.

[4] Likewise, Plaintiff's claims for conspiracy to prosecute maliciously did not accrue until the indictment was dismissed. Rose v. Bartle, 871 F.2d 331, 352 (3d Cir. 1989).

complaint is treated as if it never existed."  Cardio-Medicalk Assocs. v. Crozer-Chester Med. Ctr., 721 F.2d 68, 77 (3d Cir. 1983).  However, the limitations period would be tolled by the filing of a complaint which is later dismissed without prejudice if the order of dismissal specifically outlined the conditions for reinstatement within a specified time period, provided that the plaintiff meets those conditions.  Brennan v. Kulick, 2005 WL 1124059 at 3 (3d Cir. 2005).

In the instant case, this Court dismissed Plaintiff's complaint without prejudice, and directed the Clerk of the Court to close the action upon the docket on December 31, 2002.  The dismissal order did not specify any conditions for reinstatement within a specified time period.  Thus, Plaintiff's original complaint will be treated as if it never existed, and the time during which it was pending will not toll the statute of limitations.  See, Cardio-Medicalk Assocs. v. Crozer-Chester Med. Ctr., 721 F.2d at 77.

Plaintiff next attempted to file his complaint in this Court in compliance with the Preclusion Order on February 20, 2003.  However, because Plaintiff's previous complaint did not toll the statute of limitations, this new complaint was in fact filed more than one year after Plaintiff's two-year limitations period had run, and it was thus untimely.

In response to Defendants' statute of limitations defense, Plaintiff merely relies upon the Third Circuit's opinion in  Weinstein v. Bissell, Civil No. 03-2595 at 5 (3d Cir., March 2, 2004) and asserts that the statute of limitations defense is "clearly a waste of the Court's time and the plaintiff's time as well."  (Pl. Opp. Br. to Cordts at 7).  Specifically, Plaintiff makes the following citations to the Third Circuit's opinion:  (1) "Please see defendants' exhibit 'C' 3rd Cir. Order, at page 4 mid ¶ RE: Heck v. Humphrey 512 U.S. 477 (1994).  Plaintiff will rely upon this

6

3rd Cir. Order, for filing his Complaint, in a timely manner."[5] (Pl. Opp. Br. to Cordts at 7); and (2) "At page five of the Defendants exhibit D, which is the 3d Circuit Opinion in this matter at ¶ 2, it states: 'We are guided in our decision to some extent by the real possibility that Weinstein filed this complaint in the Southern District of New York just before the expiration of the state limitations period for personal injury cases. Weinstein asserted that he filed the action on December 4, 2001.'" (Pl. Opp. Br. to Township & Lewis at 12).

In terms of Plaintiff's citation to page 4 of the Third Circuit's opinion, this Court is at a loss to decipher how that language might be relevant to the instant statute of limitations issue. As this Court reads the Third Circuit's opinion, it appears at that point to be addressing the issue of whether or not Plaintiff's complaint was duplicative of his previous filings in this Court, ultimately concluding that it was in fact not duplicative. The only relevance this portion might have to the issue of limitations is that it mentions January 20, 2000 as the date Plaintiff's indictment was dismissed. However, this Court has already assumed that to be the accrual date, so this does not help Plaintiff on this issue.

---

[5] The middle of the paragraph on page 4 of the cited opinion, where the Third Circuit references Heck v. Humphrey, reads as follows:

> Weinstein argues in his informal brief that he made clear enough in the first five pages of his complaint that this action was not duplicative of previous filings. It is a new malicious prosecution action against Somerset County authorities and others based on a January 20, 2000 order dismissing his indictment with prejudice. Weinstein cited Heck v. Humphrey, 512 U.S. 477 (1994), wherein the Supreme Court held that a state prisoner could not maintain an action for damages under the civil rights laws if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence ... unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated," id. at 487, and explained that the state court order dismissing the indictment necessarily invalidated the conviction for which he had served 19 months imprisonment.

Plaintiff is correct that the Third Circuit noted on page 5 of its opinion that it was guided "to some extent by the *real possibility* that Weinstein filed his complaint in the Southern District of New York" just before the statute of limitations expired. Weinstein v. Bissell, Civil No. 03-2595 at 5 (3d Cir., March 2, 2004) (emphasis added). However, the Third Circuit went on to caution that they "merely conclude that [Plaintiff] has made a colorable argument," and then specifically stated that they "express no view on whether the complaint states a claim upon which relief may be granted in all other respects, and thus would survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). We also leave that determination to the District Court in the first instance." Id. at 5-6. Therefore, although the Third Circuit did in fact believe that it was possible that Plaintiff filed his complaint in a timely manner, that issue was not before them on appeal and they did not decide it. Thus, it is in this Court's discretion to determine whether or not Plaintiff filed this action within the statute of limitations period.

This Court finds that Plaintiff brought the instant action more than three years after his indictment was dismissed. As such, it was not filed within the two-year statute of limitations period for civil rights actions brought pursuant to 42 U.S.C. § 1983. Therefore, the Court will dismiss Plaintiff's claims against the Defendants who raised the statute of limitations defense.

**CONCLUSION:**

For the foregoing reasons, the Court finds that Plaintiff's complaint is time-barred under the two-year statute of limitations for § 1983 civil right actions. The Court will thus grant the motion by Defendant April Cordts to dismiss or in the alternative for summary judgment [docket #79]; grant the motion by Defendants Louis Locascio, Leonard Arnold, Craig Barto, Wayne

Forrest, and Lauri Melillo to dismiss [docket #83], and grant the motion by Defendants Franklin Township and Mark Lewis to dismiss [docket #131]. The motion by Defendants Franklin Township and Mark Lewis to amend/correct their answer to the complaint and for leave to file a third party complaint [docket #138] will therefore be dismissed as moot.

                                                                                                                            s/
                                                        Stanley R. Chesler, U.S.D.J.

DATED: June 21, 2005