NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|                                    |   |                                      |
|---|---|---|
| BARRY WEINSTEIN et al.,            |   |                                      |
|          Plaintiff,                |   | **Hon. Stanley R. Chesler, U.S.D.J.** |
|                                    |   | **Civ. No. 02-1593**                 |
|          v.                        |   |                                      |
| NICHOLAS BISSEL et al.,            |   | **OPINION & ORDER**                  |
|          Defendants.               |   |                                      |

**CHESLER**, District Judge

     This matter having come before the Court by Defendant New Jersey Parole Board's motion to dismiss Plaintiff Weinstein's amended complaint; and it

     **APPEARING** that Plaintiff Weinstein ("Plaintiff") claims that Defendant New Jersey Parole Board ("Defendant") subjected him to cruel and unusual punishment (Count 8), denied him a parole hearing, constituting false imprisonment (Count 9), and caused him to suffer alienation of affections (Count 9 (sic)) and that he is therefore entitled to damages pursuant to 42 U.S.C. § 1983; and it

     **FURTHER APPEARING** that a federal cause of action cannot be maintained against either a State or an agency of that State, Quern v. Jordan, 440 U.S. 332 (1979); and it

     **FURTHER APPEARING** that the Eleventh Amendment precludes federal jurisdiction over a state absent the State's consent to suit, Pennhurst State School and Hosp. v. Halderman, 465 U.S. 89, 99 (l984), and that the immunity from suit extends to "agencies or Department" of

the State as well, Id. at 101-102; and it

**FURTHER APPEARING** that it is undisputed that the State Parole Board is an agency of New Jersey State government, N.J.S.A. 30:4-123.47; and it

**FURTHER APPEARING** that the Defendant State Parole Board has not consented to suit in this Court; and it

**FURTHER APPEARING** that as a State agency, the State Parole Board is not a "person" for purposes of § 1983, United States ex rel. Gittlemacker v. Philadelphia, 413 F.2d 84, 86 n.2 (3d Cir. 1969); and it

**FURTHER APPEARING** that even viewing Plaintiff's allegations in his complaint in the light most favorable to the Plaintiff, it is clear that no relief could be granted under any set of facts which could prove consistent with the allegations, Hishon v. King and Spalding, 467 U.S. 69, 73 (1984);

IT IS on this 8th day of July, 2005, hereby

**ORDERED** that Defendant New Jersey Parole Board's motion to dismiss [docket #93] is GRANTED for the reasons set forth in the Court's opinion of this date; and

**IT IS FURTHER ORDERED** that the Defendant New Jersey Parole Department shall be terminated from this case.



s/
Stanley R. Chesler, U.S.D.J.