NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

|
BARRY WEINSTEIN et al.,                         |
                                                |
       Plaintiff,   |   **Hon. Stanley R. Chesler, U.S.D.J.**
                                                |   **Civ. No. 02-1593**
   v.                              |
                                                |
NICHOLAS BISSEL  et al.,                         |   **OPINION**
                                                |
                                                |
      Defendants.    |

---

**CHESLER**, District Judge

     This matter comes before the Court on the motion of Defendants, Jacobowitz, Grabelle, Defino and Latimer, P.C., Toby Grabelle, Esq., and Edward Fradkin, Esq. ("Grabelle Defendants") to dismiss Plaintiff's amended complaint (docket item # 160), and the motion of Defendant Gail Poltawec ("Poltawec") to dismiss Plaintiff's amended complaint (docket item # 157). The Court, having considered the parties papers, and for the reasons set forth below, **GRANTS** Defendants' motions.

## I. BACKGROUND OF THE CASE

     This case arises out of what was essentially a child custody dispute between Plaintiff, Barry Weinstein, and his former spouse, Defendant, Gail Poltawec ("Poltawec"). In September, 1991, Plaintiff's marriage to Poltawec broke down leading to an "intense and bitter domestic . . . dispute." (Am. Compl. ¶ 3). Plaintiff contends that after being awarded joint legal custody of his

1

son, Poltawec, along with other Defendants, "entered into an unlawful conspiracy to use a malicious prosecution to interfere with. . . plaintiff's exercise of his legally recognized and court allowed visitation."  (Id.).  The allegations set forth in Plaintiff's Amended Complaint stem from Plaintiff's subsequent arrest, indictment and conviction for interference with custody.  The indictment against Plaintiff was dismissed by order of the court on January 20, 2000.  (Am. Compl. ¶ 11).

Plaintiff brought this action for money damages against numerous Defendants under 42 U.S.C. § 1983 alleging violations of his civil rights.  (Am. Compl. ¶ 1).  Plaintiff claims that Defendant Poltawec: (1) deprived him of his civil rights under the First Amendment by interfering with his access to the judicial process; (2) deprived him of rights under the Fourth Amendment by having Plaintiff arrested without probable cause; (3) deprived Plaintiff's rights under the Ninth Amendment by utilizing a false arrest and malicious prosecution interfering with Plaintiff's "natural right to society and companionship with his son and family;" (4) subjected him to malicious prosecution; (5) subjected him to cruel and unusual punishment; (6) falsely imprisoned him; (7) intentionally inflicted emotional distress upon him; (8) caused him to suffer alienation of affections; and (9) engaged in a RICO conspiracy to interfere with his fundamental rights. (Am. Compl. Counts One, Two, Four, Six, Eight, Nine, and Eleven).

Plaintiff claims that the Grabelle Defendants: (1) subjected him to malicious prosecution; (2) subjected him to cruel and unusual punishment; (3) falsely imprisoned him; (4) caused him to suffer alienation of affections; (5) engaged in a RICO conspiracy to interfere with his fundamental rights.  (Am. Compl. Counts Six, Eight, Nine and Eleven).

According to Plaintiff's Amended Complaint, all of the alleged violations took place at

2

various times during the 1990s, and culminated when Superior Court of New Jersey Judge Victor Ashrafi dismissed the indictment against Plaintiff, with prejudice, on January 20, 2000. (Am. Compl. 2-7).

**Procedural History**

Plaintiff has a long history of litigation with this Court.  On May 17, 1999, Judge Katharine S. Hayden, entered an Order prohibiting the Plaintiff from filing any future pleadings without specific written consent of the Court ("Preclusion Order").  Weinstein v. Grabelle, Civil No. 98-5678 (KSH) (D.N.J. September 13, 2000) *aff'd* C.A. Nos. 99-5275 & 99-5861 (3d Cir. November 27, 2001).  The Preclusion Order also provided certain criteria to consider when determining whether or not to grant Plaintiff approval to file with this Court:

> (A)     A proposed filing should only be filed if it is not duplicative of any previous filing, unless that previous filing was denied without prejudice; and

> (B)     A proposed filing should only be filed if it presents a colorable argument for the requested relief.

That Order was upheld by the Third Circuit Court of Appeals in an Order dated November 27, 2001.  In its affirmance, the Third Circuit stated the Preclusion Order was proper because, "there is no doubt that the series of patently meritless lawsuits filed by Weinstein shows an abuse of the court system that, because it is likely to continue, warrants some restriction on his litigating opportunities."  (Id.)

On December 4, 2001, Plaintiff filed a lawsuit against the named Defendants in the United States District Court for the Southern District of New York.  On March 27, 2002, the Southern District of New York transferred the action here.

3

On December 31, 2002, this Court dismissed Plaintiff's complaint without prejudice due to Plaintiff's failure to comply with the Preclusion Order.  On February 20, 2003, Plaintiff attempted to file his complaint in this Court in a manner that procedurally complied with the Preclusion Order.  This Court, however, found that the Complaint stated "no new set of facts that is not duplicative of any previous filing," and therefore, did not comply with the Preclusion Order.  Thus, in a Letter Order dated April 23, 2003, this Court ordered that Plaintiff's complaint not be accepted for filing by the Clerk of the Court, and directed the Clerk to close this action upon the court docket.

On March 1, 2004 the Third Circuit vacated the April 23, 2003 Order and granted Plaintiff leave to file the complaint.  Weinstein v. Bissell, Civil No. 03-2595 (3d Cir., March 2, 2004).  Plaintiff filed the current Amended Complaint on September 8, 2004, which was accepted and properly docketed by the Clerk of the Court on that date.  Defendant Poltawec moved to dismiss Plaintiff's Amended Complaint on August 2, 2005 (docket item # 157).  The Grabelle Defendants separately moved to dismiss Plaintiff's Amended Complaint on August 26, 2005 (docket item # 160).

## II. DISCUSSION

Defendants have moved to dismiss Plaintiff's Amended Complaint as barred by the applicable statute of limitations.  (Grabelle Def. Br. 9; Poltawec Br. 8).  The Grabelle Defendants also argue, in the alternative, that Plaintiff's federal civil RICO claims must be dismissed because Plaintiff is unable to maintain such a claim against them.  (Grabelle Def. Br. 13.)

### A.    Standard of Review

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) all

allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff.  See Warth v. Seldin, 422 U.S. 490, 501 (1975); Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc., 140 F.3d 478, 483 (3d Cir. 1998); Robb v. Philadelphia, 733 F.2d 286, 290 (3d Cir. 1984).  In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents.  See Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations," a court shall dismiss a complaint for failure to state a claim.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Zynn v. O'Donnell, 688 F.2d 940, 941 (3d Cir. 1982).

In the case of a pro se litigant, the court must "find that it is clear 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Zynn v. O'Donnell, 688 F.2d 940, 941 (3d Cir. 1982) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972)).

**B.      Discussion**

Plaintiff's claims arise out of alleged violations of 42 U.S.C. § 1983, and the Federal Civil Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961.

1.  *Statute of Limitations*

Section 1983 provides for a federal cause of action but does not provide a statute of limitations to govern accrual.  Accordingly, the Supreme Court has held that claims under § 1983 are best denominated as personal injury actions and are therefore controlled by a state's statute of

limitations for personal injury actions.  <u>Wilson v. Garcia</u>, 477 U.S. 261, 280 (1985).  In New

Jersey, that statute is N.J.S.A. 2A: 14-2 which provides that any action "for an injury to the person

caused by wrongful act, neglect or default . . . shall be commenced within 2 years next after the

cause of any such action shall have accrued."  <u>See</u> <u>Cito v. Bridgewater Twp. Police Dep't</u>, 892

F.2d 23, 25 (3d Cir. 1989).  In this case, therefore, Plaintiff had two years from the accrual of his

cause of action in which to file his complaint.[1]

Although state limitations periods are applied in § 1983 cases, accrual of a cause of action

under § 1983 is a question of federal law.  <u>Albright v. Oliver</u>, 510 U.S. 266, 280 n.6 (1994);

<u>Michaels v. State of New Jersey</u>, 955 F.Supp. 315, 323 (D.N.J. 1996).  The Third Circuit has

recognized that, for statute of limitations purposes, "a § 1983 cause of action for damages

attributable to an unconstitutional conviction or sentence does not accrue until the conviction or

sentence has been invalidated."  <u>Torres v. Fauver</u>, 292 F.3d 141, 147 n.7 (3d Cir. 2002) (internal

citations omitted).  <u>See</u> <u>also</u>, <u>Weinstein v. Bissell</u>, Civil No. 03-2595 at 5 (3d Cir., March 2, 2004)

(holding that Weinstein's malicious prosecution claim became colorable on January 20, 2000, the

date his state court indictment was dismissed.); <u>Michaels v. State of New Jersey</u>, 955 F. Supp. at

325 (holding that plaintiff's § 1983 claims alleging unconstitutional investigation, arrest,

conviction, and incarceration did not accrue until the date upon which the criminal charges against

her were dismissed).  Thus, Plaintiff's cause of action accrued on January 20, 2000, when the state

---

[1]Although Plaintiff characterizes Counts Eleven and Twelve as "RICO" conspiracies,
these counts appear to in fact allege a conspiracy to interfere with his civil rights under 42 U.S.C.
§ 1983 or § 1985.  This is apparent from the substance of the allegations in these counts and is
further evidenced by the fact that Plaintiff cites 42 U.S.C. § 1983 as the basis for these counts
rather than any RICO statute, i.e., 18 U.S.C. §§ 1961-1968.  Thus, as the Third Circuit held in
<u>Cito v. Bridgewater Township Police Department</u>, the statute of limitations for these conspiracy
counts is likewise two years.  892 F.2d at 25.

court dismissed his indictment, and he had two years from that date in which to commence this action.

Plaintiff commenced his lawsuit in the United States District Court for the Southern District of New York on December 4, 2001.  That date is clearly within the two-year statute of limitations for Plaintiff's § 1983 claims.  However, as described above, the Southern District of New York then transferred the case to the District of New Jersey, whereupon this Court dismissed Plaintiff's complaint, without prejudice, for failing to comply with the Preclusion Order, on December 31, 2002.

It is a well established principle that "a statute of limitations is not tolled by the filing of a complaint subsequently dismissed without prejudice."  Cardio-Medical Assocs. LTD. v. Crozer-Chester Med. Ctr., 721 F.2d 68, 77 (3d Cir. 1983).  "As regards the statute of limitations, the original complaint is treated as if it never existed."  Id.; Brennan v. Kulick, 407 F.3d 603, 606 (3d. Cir. 2005).  This principal is grounded in the finality of the order dismissing the complaint. Therefore, where a complaint is dismissed without prejudice, but the order provides for leave to amend within a specified time period or terms for reinstatement, the limitations period *will* be tolled.  Brennan, 407 F.3d at 607 (emphasis added).

This Court's Order of December 31, 2002 dismissed Plaintiff's complaint without prejudice and directed the Clerk of the Court to close the action.  The dismissal Order did not specify any conditions for reinstatement within a specified time period.  Accordingly, Plaintiff's original complaint will be treated as if it never existed, and the time during which it was pending will not toll the statute of limitations.  Cardio-Medical Assocs., 721 F.2d at 77.

Plaintiff next attempted to file his complaint in this Court in compliance with the

7

Preclusion Order on February 20, 2003.  However, because Plaintiff's previous complaint did not

toll the statute of limitations, this new complaint was in fact filed more than one year after

Plaintiff's two-year limitations period had run and therefore was untimely.

2.  *Equitable Tolling*

In opposition to Defendants' statute of limitations defense, Plaintiff argues that the

limitations period should be equitably tolled.  (Pl. Br. 4.)  Plaintiff claims: (1) that he has been

prevented from asserting his rights in some extraordinary way; and (2) that he was misled by the

court to believe that he had timely filed his complaint.  (Pl. Br. 5-7.)

Equitable tolling allows a plaintiff to sue after the statutory time for filing a complaint has

expired if they have been prevented from filing due to inequitable circumstances.  Seitzinger v.

Reading Hosp. and Med. Ctr., 165 F.3d 236, 239 (3d Cir. 1999).   Equitable tolling is appropriate

in three general scenarios: "(1) where the defendant has actively misled the plaintiff respecting the

plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented

from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights

mistakenly in the wrong forum."  Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380,

1387 (3d Cir. 1994).   In Seitizinger, the Third Circuit held that "equitable tolling may be

appropriate [in a Title VII action] when a claimant received inadequate notice of her right to file

suit, where a motion for appointment of counsel is pending, or where the court has misled the

plaintiff into believing that she had done everything required of her."  165 F.3d at 240 (citing

Baldwin Cty. Welcome Ctr. v. Brown, 466 U.S. 147, 151 (1984).

The plaintiff bears the burden of demonstrating that equitable tolling is warranted. Byers v.

Follmer Trucking Co., 763 F.2d 599, 600-01 (3d Cir. 1985).   That burden is significant, as the

8

law has made clear that courts must use equitable tolling sparingly and that a limitations period should be tolled "only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998)(quotation marks and citations omitted); see also Seitzinger, 165 F.3d at 239.

In the present case, Weinstein contends that this Court's dismissal of his February 20, 2003 complaint, which was subsequently reversed by the Third Circuit, constituted "extraordinary circumstances" sufficient to warrant equitable tolling.  (Pl. Br. 5.)   In an Order dated April 23, 2003 this Court found that Plaintiff's complaint failed to meet the requirements of the Preclusion Order.  The Third Circuit later vacated that decision and directed this Court to allow Plaintiff to file his Complaint.  Here, Plaintiff contends that this Courts "refusal" to file his Complaint prevented him from asserting his rights.  (Pl Br. 7.)

Plaintiff relies on Brinson v. Vaughn, for the proposition that the extraordinary circumstances necessary for equitable tolling include judicial error.  398 F.3d. 225, 231 (3d. Cir. 2005).   In Brinson, the Third Circuit concluded that a district court's erroneous dismissal of a petitioner's timely first federal habeas petition as unexhausted, when the record showed that the petition was, in fact, exhausted, constituted "extraordinary circumstances" for purposes of the AEDPA limitations period.  But the district court's dismissal in Brinson was "mistaken" and erroneous under the then-governing law.  Plaintiff argues that this Court's dismissal of his February 20, 2003 complaint was equally erroneous so as to constitute "extraordinary circumstances."  Specifically, Plaintiff states that "the Honorable Judge Chesler wrongfully refused to file the Complaint . . . constituting . . . an 'abuse of discretion'."  (Pl. Br. 6.)  Plaintiff then argues that this 'abuse of discretion' constitutes "extraordinary circumstances" because he

9

was "prevented from asserting his right."  (Id.)  In support of this contention, Plaintiff relies on the subsequent decision of the Third Circuit, vacating the dismissal of Plaintiff's complaint.

The Third Circuit ultimately concluded that Plaintiff's complaint was not duplicative and therefore could be filed consistent with the Preclusion Order.  This Court's determination to the contrary, however, did not to prejudice Plaintiff's ability to timely file a complaint.  In fact, when Plaintiff attempted to file his complaint on February 20, 2003 the statute of limitations had already run.  Even if this Court had found the complaint in compliance with the Preclusion Order and allowed it to be filed, it still would have been subject to dismissal as barred by the relevant statute of limitations.  This Court, therefore, does not find its dismissal of Plaintiff's February 20, 2003 complaint to be sufficient "extraordinary circumstances" warranting equitable tolling of the statute of limitations.

Plaintiff also argues that equitable tolling is appropriate here because he was "misled by the Court."  (Pl Br. 7.)  This contention is based upon language in an order by Judge Griesa, United States District Judge for the Southern District of New York, transferring Plaintiff's case to this District ("Transfer Order").   Plaintiff contends that he "relied upon the determination of the Honorable Judge Griesa U.S.D.J. in that, Plaintiff had/has fulfilled all of his requirements for timely filing."  (Id.).  While it is true that, under certain circumstances, a plaintiff who has been misled by the Court to his/her detriment could be entitled to equitable tolling of a lapsed statute of limitations, the facts here do not compel such a conclusion.  See  Seitizinger, 165 F.3d at 240; see also Gonzalez-Aller Balseyro v. GTE Lenkurt, Inc., 702 F.3d 857, 859 (10th Cir. 1983); Scary v Philadelphia Gas Works, 202 F.R.D. 148, 152-53 (E.D.Pa. 2001) (finding equitable tolling appropriate for Title VII claimant who was misled by the Clerk's office regarding the status of his

10

complaint).

The Southern District of New York had previously placed a restrictive ban on new filings by Weinstein ("NY Preclusion Order") similar to the Preclusion Order issued by this District. Weinstein v. Judiciary Chair(s) O. Hatch and H.Hyde, et al., 1998 WL 851581, at *2.  The NY Preclusion Order likewise required any complaints filed by Plaintiff to be pre-screened prior to docketing.  (Id.)  In the Transfer Order, Judge Griesa noted Plaintiff's long history of litigation with the Southern District and outlined the three requirements of the NY Preclusion Order.  Judge Griesa noted that "Plaintiff [had] satisfied [those] three requirements."  That is the only reference made to Plaintiff's fulfillment of any court imposed requirements.  Judge Griesa did not discuss the timeliness of Plaintiffs's claims nor state whether Plaintiff's complaint was in compliance with the NJ Preclusion Order.

Plaintiff nonetheless contends that the language of the Transfer Order misled him as to the adequacy of his complaint.  Plaintiff correctly assumes that equitable tolling may be appropriate where a court has misled a party into believing he has done everything necessary, or regarding the steps necessary to preserve a claim. See  Seitzinger, 165 F.3d at 239; Brinson, 398 F.3d at 230. Here, however, the court did not mislead Plaintiff on the status of his claims.  The language in the Transfer Order was an accurate statement of Plaintiff's compliance with the NY Preclusion Order.

However, this Court in an extensive opinion analyzing all of Plaintiff's prior litigation concluded that it did not comply with the NJ Preclusion Order, and indeed constituted a calculated effort to avoid the requirements of this Courts order.  That was the basis for the dismissal of the transferred New York action.  If Plaintiff thought that this Court's dismissal of that action was improper, he, of course, had the right to appeal it.  Indeed, Plaintiff has certainly demonstrated his

11

familiarity with appellate procedure.  The fact that he chose not to do so and instead opted to file a new complaint as to which the statute of limitations had run, was solely the result of his conduct. It certainly did not give rise to any situation where Plaintiff can legitimately claim that he was misled by Judge Greisa's decision to believe that the time to file a claim was being tolled.  In short, there is nothing about this situation  which should bar the application of <u>Cardio-Medical</u> and <u>Brennan</u> to his claims.

### III. CONCLUSION

For the foregoing reasons, the Court finds Plaintiff's Complaint barred by the statute of limitations.  Accordingly, this Court will: (1) **GRANT** the Grabelle Defendant's Motion to Dismiss; and (2) **GRANT** Defendant Poltawec's Motion to Dismiss.  An appropriate form of order will be filed herewith.

_____s/ Stanley R. Chesler___<br>
Stanley R. Chesler, U.S.D.J.
